UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

<u>Court Minutes</u>

DATE:              July 17, 2026
JUDGE:             Pamela Pepper
CASE NO:           26-cr-125
CASE NAME:                    United States of America v. Jasmine Cooper
NATURE OF HEARING:            Arraignment and Change of Plea Hearing
APPEARANCES:                  Kate Biebl – Attorney for the government
                              Kathleen Quinn – Attorney for the defendant
                              Jasmine Cooper – Defendant
                              Joseph Werner – U.S. Probation Officer
COURTROOM DEPUTY:             Justin Dreikosen
TIME:                         1:32 p.m. – 2:39 p.m.
HEARING:                      November 17, 2026 at 1:30 p.m. (Sentencing)

## AUDIO OF THIS HEARING AT DKT. NO. 13

The court had scheduled this hearing because on June 8, 2026, the government had filed an information, dkt. no. 1, along with an executed plea agreement. Dkt. No. 2. The plea agreement called for the defendant to plead guilty to Count One (health care fraud) and Count Two (aggravated identity theft) of the information.

Today in open court, the court advised the defendant of her right to be charged by indictment and the defendant confirmed that she was waiving that right. The government recounted that Count One of the information carried a maximum prison term of 10 years, a maximum fine of $250,000 and a maximum of 3 years of supervised release. It advised that Count Two of the information carried a mandatory minimum term of 2 years' imprisonment. It also explained that each count carried a mandatory special assessment of $100, for a total of $200. The defendant and defense counsel executed a written waiver of indictment and the court signed the waiver.

The court then placed the defendant under oath and questioned her. After the defendant had answered all the court's questions, the court found that the defendant understood her trial rights, the penalties associated with the charges, the possible civil ramifications of a conviction, and the uncertainty of her ultimate sentence. The court also found that the defendant entered the plea knowingly, voluntarily (without threats or promises) and intelligently. The court accepted the defendant's plea of guilty and found the defendant guilty of Counts One and Two of the information.

Because the parties had waived the Rule 32 deadlines in the plea agreement, the court scheduled a sentencing date for November 17, 2026 at 1:30 p.m. **in Room 222**. The probation office will disclose the PSR by October 20, 2026, with objections due by November 3, 2026. Parties must file any sentencing memoranda, letters, medical evaluations, certificates of completion

1

and any other documents they wish the court to consider at sentencing **no later than seven (7) days before the sentencing hearing (that is, by November 10)**. (This does not include objections to the presentence investigation report; objections to the presentence report must be filed within fourteen days of the disclosure of the presentence report.) If a party is unable to file such documents seven days prior to the sentencing hearing, that party must file a motion seeking the court's leave to file the document(s) less than seven days before the hearing and stating good cause for why the court should grant the motion. Failure to file such documents at least seven days before sentencing (or to move for leave to file the documents less than seven days before the hearing) may result in the court *sua sponte* adjourning the hearing to a date selected by the court, based on its calendar.

The probation office will file the revised presentence report at least seven (7) days prior to the date of the sentencing hearing.

The court observed that today was the defendant's first appearance in federal court and that it had received the defendant's bond study from pretrial services, which recommended that the court release the defendant on conditions pending sentencing. The prosecutor agreed with that recommendation but requested the additional conditions that the defendant not open any new lines of credit and that the defendant not make any expenditures of over $5,000 without pre-approval from her supervising officer.

The court agreed to impose the proposed additional conditions and listed the other recommended conditions contained in the bond study. The defendant did not object to any of those conditions of her release. The court imposed the proposed conditions and allowed the defendant to remain out on bond pending sentencing.

2